J-S33022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOED VALENTIN MORALES, | : | |
| | : | |
| Appellant | : | No. 2849 EDA 2017 |

Appeal from the PCRA Order August 7, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003710-2007

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED JULY 17, 2018**

Appellant Joed Valentin Morales appeals from the dismissal of his second petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Morales' counsel has filed an **Anders**[1] Brief and Petition to Withdraw as Counsel. We affirm the PCRA court and grant counsel's Petition.

Morales was convicted of attempted murder[2] and related offenses[3] in June 2008 following a four-day jury trial at which Morales asserted self-

---

*   Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. § 901(a).

[3] Aggravated assault, 18 Pa.C.S.A. §§ 2702(a)(1), (a)(4); recklessly endangering another person, 18 Pa.C.S.A. § 2705.

defense. The trial court sentenced Morales to serve 28½ to 60 years' incarceration. We affirmed Morales' judgment of sentence,[4] and the Pennsylvania Supreme Court denied Morales' Petition for Allowance of Appeal in 2010.[5]

Morales filed a timely PCRA Petition, *pro se*, in 2011. The PCRA court appointed counsel to represent Morales, and counsel filed an amended PCRA petition. The PCRA court dismissed the petition after a hearing, and Morales appealed. We affirmed the dismissal in 2012,[6] and the Supreme Court denied allowance of appeal.[7]

In 2016, Morales filed a second *pro se* PCRA Petition, which gives rise to the instant appeal. In the Petition, Morales requested an evidentiary hearing based on his claim of newly-discovered evidence of an alleged eyewitness. He attached to the petition a notarized letter dated September 2, 2016, purportedly written by George Villalobos, who claimed to have witnessed the events that led to Morales' conviction. Morales alleged that Villalobos' observations supported Morales' claim of self-defense.

---

[4] ***Commonwealth v. Morales***, 4 A.3d 697 (Pa.Super. 2010) (unpublished memorandum).

[5] ***Commonwealth v. Valentin-Morales***, 8 A.3d 899 (Pa. 2010).

[6] ***Commonwealth v. Morales***, 60 A.3d 562 (Pa.Super. 2012) (unpublished memorandum).

[7] ***Commonwealth v. Morales***, 62 A.3d 379 (Pa. 2013).

The PCRA court appointed PCRA counsel ("Counsel"), who filed an amended PCRA Petition claiming that the letter from Villalobos evidenced that Morales' conviction was due to "[u]navailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." Amended Pet., 1/3/17, at ¶ 18 (citing 42 Pa.C.S.A. § 9543(a)(2)(vi)). In the Amended Petition, Morales argued that he was unaware that Villalobos was a witness to the shooting until he received the 2016 letter, as he has been incarcerated since 2007, trial counsel never informed him that Villalobos was a potential witness, and police never interviewed Villalobos and his name did not appear in police reports. *Id.* at ¶ 26-28.

The PCRA court conducted a hearing on the Petition on March 1, 2017, but Villalobos did not appear. Trial Court Opinion, filed Oct. 17, 2017, at 5. Counsel told the court that he had spoken with Villalobos on the phone and informed him of the hearing date, and Villalobos said he would attend the hearing. Following the March 1 hearing, Counsel again spoke with Villalobos, who stated that he had been confused about the hearing date, and the court subsequently rescheduled the hearing for May 30, 2017. *Id.* Counsel attempted to serve Villalobos with a subpoena at his home, but Villalobos did not answer his door, and stopped responding to his telephone phone calls. *Id.* Counsel then hired a professional process server, but despite several attempts, the server was unable to serve the subpoena on Villalobos. *Id.* When Villalobos failed to appear on May 30, 2017, the court continued the

hearing to August 7, 2017. *Id.* Counsel made additional attempts to serve a subpoena on Villalobos, but was unsuccessful. *Id.*

At the August 7 hearing, when Villalobos did not appear, the court dismissed Morales' PCRA Petition. Morales filed a notice of appeal, *pro se*. Counsel filed with this Court a Petition to Withdraw as counsel and a brief stating that Morales' appeal is wholly frivolous.

Counsel requesting to withdraw from PCRA representation must file a "no merit" brief that conforms to the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). ***See Commonwealth v. Muzzy***, 141 A.3d 509, 510-11 (Pa.Super. 2016). A ***Turner/Finley*** no merit brief must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Id.* Counsel must send the petitioner a copy of the brief, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* at 511. If counsel fulfills these requirements, then this Court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. *Id.*

Here, Counsel has filed an ***Anders*** brief, asserting that Morales' appeal is wholly frivolous. ***Anders*** typically applies to attorneys seeking to withdraw from representation on direct, and not collateral, review. However, because ***Anders*** provides greater protection to criminal defendants, we may accept an

***Anders*** brief from counsel who seek to withdraw on collateral review, in lieu of a ***Turner/Finley*** brief. ***Muzzy***, 141 A.3d at 510 n.3. Moreover, Counsel's brief and Petition to Withdraw comply with the ***Turner/Finley*** requirements. The brief reviews the record and explains that Morales was unable to prevail on his PCRA petition due to the unavailability of Villalobos, and that no other meritorious issues exist for appeal. Counsel provided a copy of the brief and his Petition to Withdraw to Morales. Attached to the Petition was a copy of a letter that Counsel sent to Morales advising him of his right to proceed *pro se* or through private counsel.

We therefore proceed to our own review of the issues. A PCRA petitioner has the burden of proving his eligibility for relief. 42 Pa.C.S.A. § 9543(a). Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Morales' PCRA Petition asserted that the eyewitness observations of Villalobos constituted newly discovered exculpatory evidence. To obtain PCRA relief for such evidence, a PCRA petitioner "must prove that '(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.'" ***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016) (quoting ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004)).

- 5 -

Morales failed to meet these requirements. As Villalobos did not appear at the PCRA hearing, Morales was unable to prove that Villalobos was ready, willing, and able to testify at his trial; that Villalobos' testimony would have been likely to change the outcome of trial; and that Morales could not have discovered Villalobos' allegedly exculpatory testimony in time for trial, with the exercise of reasonable diligence. The PCRA court therefore did not err in dismissing Morales' Petition.

Although Morales has not filed a *pro se* response to Counsel's brief, letter, and Petition to Withdraw, Morales filed a *pro se* Pa.R.A.P. 1925(b) Statement in which he attempted to raise the issue of Counsel's ineffectiveness for failing to secure Villalobos' appearance at the PCRA hearing, and the affiliated issue of his ability to challenge Counsel's ineffectiveness in this appeal.[8] The PCRA Court responded to Morales' claim of counsel's ineffectiveness in its Pa.R.A.P. 1925(a) opinion, and concluded that Counsel had made reasonable efforts to secure Villalobos' attendance at the PCRA hearings. **See** Trial Ct. Op. at 6-7.

However, claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal, and we will not consider ineffectiveness claims asserted for the first time in a Rule 1925(b) statement, even where the PCRA

---

[8] Prior to Counsel's Petition to Withdraw, Morales filed with this Court a *pro se* Application for the Appointment of Conflict Counsel. We issued an order instructing the Prothonotary to forward the Application to Counsel, as Counsel had not yet moved to withdraw. **See** Order, 10/25/17.

court's Rule 1925(a) opinion responds to the claims. **See Commonwealth v. Ford**, 44 A.3d 1190, 1200-01 (Pa.Super. 2012).[9] In all events, even if the claims were properly before us, we would reject them. We agree with the PCRA court that Counsel took reasonable steps to secure Villalobos' attendance at the PCRA hearing, and Morales' argument that he should be able to raise Counsel's ineffectiveness in this appeal thus likewise fails.

Our own review of the record has uncovered no other meritorious issues for appeal. We therefore affirm the order of the PCRA court and grant Counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw Granted.

Judge Ott joins the Memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/18

---

[9] This rule applies even where no Pa.R.Crim.P. Rule 907 notice is issued, which in many cases forecloses a petitioner's ability to raise an immediate ineffectiveness claim in the PCRA court and forces a petitioner to raise that claim in a serial PCRA petition, despite the difficulty this creates in adhering to the PCRA's timing requirements. **See Commonwealth v. Henkel**, 90 A.3d 16, 28-30 (Pa.Super. 2014). One notable exception exists, which is where a petitioner raises an argument that he has a constitutional right to collateral review counsel. **Id.** As Morales did not file a brief with this Court, he has not raised that issue.